**Michael D. FIGLIO, Plaintiff–Appellee,**

v.

**SHELLEY FORD, INC., James Troester, and Aileen Troester, Defendants,**

**and**

**Central Mortgage Company, Defendant–Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Oct. 17, 1990.

Application for Permission to Appeal Denied by Supreme Court Feb. 4, 1991.

W. Gary Blackburn, Gerald A. Smith, Jr., Blackburn, Little, Smith & Slobey, Nashville, for plaintiff-appellee.

C. Bennett Harrison, Jr., Cornelius & Collins, Nashville, for defendant-appellant.

OPINION

LEWIS, Judge.

This is an appeal by defendant Central Mortgage Company (Central Mortgage) from the finding and judgment entered by the trial court that plaintiff Michael D. Figlio had a lien for $15,000.00 plus interest superior to the lien of Central Mortgage on a parcel of real estate located in Sumner County, Tennessee (hereafter the property).

The pertinent facts are as follows:

Plaintiff, on 25 October 1984, entered into an agreement to sell to Morris W. Furlong and Sam Johnson the property. As consideration, Furlong and Johnson agreed to pay the plaintiff:

1) $13,000 Cash by December 1984,

2) $15,000 Cash by April 1985,

3) 5,000 Shares of Free Trading Stock in Star–Com Network, Ltd.,

4) 40,000 Shares of Legend Stock in Star–Com Network, Ltd., [and]

5) Assume the existing mortgage of approximately $11,000.

Johnson and Furlong also agreed that if the Star–Com stock "sold for less than $4.00 [to] increase the number of shares issued to [plaintiff]."

Thereafter, plaintiff conveyed the property by warranty deed to Shelley Ford, Inc., a corporation in which Furlong and Johnson were principals and officers.

Plaintiff received both the stock and the December, 1984, payment of $13,000.00. The stock ultimately proved to be worthless. The $15,000.00 payment was never made.

On or about 25 May 1985, plaintiff learned that Shelley Ford, Inc. was in the process of selling the property to the defendants James Troester and Aileen Troester and that Central Mortgage intended to make the loan and to take a deed of trust on the property. Plaintiff told his attorney what he had learned.

Plaintiff's attorney called Central Mortgage and talked with Norma Walker, the branch manager. Ms. Walker was advised that Shelley Ford, Inc., had not fully paid plaintiff for the property and that plaintiff was going to file a lawsuit against Shelley Ford, Inc., and others. Ms. Walker asked that Central Mortgage be sent copies of the suit papers.

On 3 June 1985, after the conversation with Ms. Walker, plaintiff filed suit in the Chancery Court for Davidson County against Shelley Ford, Inc., Sam Johnson, and others, alleging that the defendants had defrauded plaintiff and breached the agreement for the purchase of the property. Concurrent with the filing of that suit, plaintiff caused to be filed in the Register's Office of Sumner County, Tennessee, "an Abstract of Complaint and Notice of Claim lis pendens." Neither plaintiff nor his attorney ever forwarded copies of the complaint or the lis pendens to Central Mortgage.

On 1 October 1985, the Chancery Court for Davidson County dismissed the suit after concluding that the court did not have jurisdiction.

While the 3 June 1985 suit was pending in the Chancery Court for Davidson County, Shelley Ford, Inc., conveyed the property to defendants, James Troester and Aileen Troester. The money for the purchase price was borrowed from Central Mortgage. To secure the note, the Troesters executed a deed of trust which was recorded on 22 August 1985.

On 16 October 1985, plaintiff filed a second suit against the same defendants in the Chancery Court for Davidson County containing substantially the same allegations that were contained in the 3 June 1985 suit. Following the filing of the second suit, the Chancellor determined that the court did have jurisdiction of all the parties and ultimately heard this suit to a conclusion. A notice of lis pendens with reference to the second suit was filed in the Register's Office of Sumner County.

A default judgment in the second suit was entered against Shelley Ford, Inc., in the amount of $280,000.00. A judgment was entered against Johnson for the sum of $15,000.00 plus pre-judgment interest for the breach of the portion of the sales agreement concerning the payment of $15,000.00 due to plaintiff by April 1985.

Plaintiff subsequently filed the instant suit. Following the defendant's answer, plaintiff filed a motion for summary judgment on the ground that the suit and lis pendens filed on 3 June 1985 was superior to the lien claimed by Central Mortgage pursuant to its deed of trust.

The Chancellor granted the summary judgment and also granted Central Mortgage permission to seek an interlocutory appeal. The interlocutory appeal was granted by this Court.

In an opinion authored by Judge Cantrell, this Court held that the lis pendens filed on 3 June 1985 terminated upon the dismissal of the 3 June 1985 action in Davidson County. *Figlio v. Shelley Ford,*

*Inc., et al.,* 1988 WL 63497 (Tenn.App. in Nashville, filed 22 June 1983 at 7).

The Court went on to state:

Where the suit on which the notice is based finally terminates, the right to subject subsequent purchasers and encumbrancers to the claims described in the action on which the lis pendens is based comes to an end. The statute [Tenn.Code Ann. § 20-2-103] provides that if the court does not so order it is the duty of the plaintiff to note the fact of termination in the register's office where the notice is filed.

*Id.* at 4.

The Court, after reversing the trial court's judgment that plaintiff had a superior lien to Central Mortgage, remanded the case to the trial court for further necessary proceedings. No appeal was taken and a mandate issued. Therefore, the holding in the first case of *Figlio v. Shelley Ford, Inc.,* is the law of the case. *City of Bristol v. Bostwick,* 146 Tenn. 205, 210, 240 S.W. 774, 775 (1922).

On remand, following an evidentiary hearing, the Chancellor found that the sales agreement between Figlio, Johnson and Furlong was breached by Johnson and Furlong. The Chancellor further found that Central Mortgage had notice that Figlio was still owed money on the property and that Figlio would be filing a lawsuit. The court further found that Figlio "has a claim for" the judgment entered in Davidson County superior to the claim of Central Mortgage . . . for $18,271.00 plus post-judgment interest at ten percent.

The court did determine that there was no basis to set aside the conveyance between Shelley Ford, Inc. and the Troesters or to set aside Central Mortgage's deed of trust. The court specifically found that plaintiff "has failed to prove fraud by James M. Troester and wife, Aileen E. Troester, or by Central Mortgage Company, Inc."

Central Mortgage has appealed and presents two issues. We deem it necessary to discuss only the first: "Whether a lien ever arose in favor of the plaintiff against the real property in question."

The trial court found that the plaintiff had a superior lien because Central Mortgage "had actual notice and constructive notice of [plaintiff's] claim to the real property." This holding is undoubtedly based on the telephone conversation between plaintiff's attorney and Norma Walker, Central Mortgage's manager, on 23 May 1985. "Norma Walker was informed by Figlio's attorney that the sellers owed Figlio money on the property and that Figlio would be filing a lawsuit." Ms. Walker requested that a copy of the lawsuit be sent to her.[1] She also called her superior and discussed Figlio's claim with him.

Plaintiff does not have a lien superior to Central Mortgage's lien as a result of the filing of the 3 June 1985 complaint and notice lis pendens. That matter has already been decided by this Court. It certainly could not be argued that the filing of the second suit and notice lis pendens on 16 October 1985 related back to the filing of the first lawsuit.

Here, plaintiff parted with the legal title to the property when he conveyed the property by general warranty deed to Shelley Ford, Inc. Shelley Ford filed the deed for registration in the Register's Office of Sumner County, Tennessee. Shelley Ford's vendees filed their deed for registration in the Register's Office of Sumner County, Tennessee, and contracted a debt with Central Mortgage on the faith of their deed from Shelley Ford.

When plaintiff delivered the deed to Shelley Ford, Inc., there was an unpaid purchase price. Plaintiff has a valid lien for the unpaid purchase price. This lien is valid between vendor, vendee and the vendee's "heirs, or volunteers, or purchasers under him, who took the land with full notice of the price unpaid." *Fain v. Inman,* 53 Tenn. 5, 9 (1871). There is no evidence in this record that the Troesters,

---

1. Neither plaintiff nor his attorney sent a copy of the pleadings to Norma Walker or any other person at Central Mortgage.

as purchasers from Shelley Ford, had notice of the "price unpaid." While a vendor's lien prevails against the vendee and all claiming through the vendee, it "is subordinate to the rights of subsequent lien creditors with or without notice." *Id.* at 12.

Lien creditors are "[j]udgment creditors, mortgagees with or without notice, [and] creditors receiving a conveyance to themselves." *Id.*

Plaintiff's vendor's lien:

is nothing more than a mere equity, capable of acquiring the force of a lien under certain circumstances, in the event of the non-payment of the purchase money; it is not a specific lien upon the land conveyed, until a bill has been filed to enforce it. Hence, this equity of the vendor is not a lien until established by the decree of the court....

Where the vendor parts with the legal title, retaining no lien for the purchase money, his right to subject the lien is a mere equity and yields priority to a specific lien acquired with or without notice by a creditor of the vendee before the vendor has by proper proceedings ripened his equity into a lien.

24 Tenn.Jur. *Vendor and Purchaser* § 46 at 370, 372; *see* also, *Brown v. Vanlier*, 26 Tenn. 239 (1846).

Central Mortgage is a lien creditor. It loaned purchase money to the Troesters and took a deed of trust on the property. Central Mortgage's lien is superior to that of the plaintiff. It matters not if Central Mortgage had notice that plaintiff had not been paid the full price of the property. Central Mortgage registered its deed of trust and its lien is superior to that of the plaintiff.

The judgment of the trial court is reversed and the complaint dismissed. Costs are taxed to the plaintiff and the cause remanded for the collection of costs and any further necessary proceedings.

TODD, P.J., and KOCH, J., concur.