

**NUMBER 13-19-00295-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JAMES EDWARD TUBBS,**                                     **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                     **Appellee.**

---

**On appeal from the 12th District Court
of Walker County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Chief Justice Contreras**

Appellant James Edward Tubbs was convicted of unlawful possession of a firearm by a felon, a third-degree felony, *see* TEX. PENAL CODE ANN. § 46.04, and possession with intent to deliver four grams or more but less than 200 grams of methamphetamine, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.112(d). The jury

found two enhancement paragraphs true and sentenced appellant to concurrent prison terms of forty years and life. Appellant argues the trial court erred by (1) allowing evidence of extraneous offenses and (2) not instructing the jury on the law of self-defense, necessity, or defense of others. We affirm.[1]

## I. BACKGROUND

Count I of the indictment alleged that appellant was convicted of felony delivery of cocaine in 1997 and that he intentionally or knowingly possessed a firearm on or about July 1, 2016, which was before the fifth anniversary of his release from parole supervision following the earlier conviction. *See* TEX. PENAL CODE ANN. § 46.04. Count II alleged that appellant, on or about July 1, 2016, knowingly possessed, with intent to deliver, four grams or more but less than 200 grams of methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d). Finally, the indictment alleged that appellant had previously been convicted of two other felony drug charges in 1996 and 2005.

At trial, Sergeant John Davila of the Walker County Sheriff's Department testified that he received "Crime Stopper tips and phone calls" from "people in the area of [appellant's] residence" in Riverside saying that there was "a lot of traffic going in and out" and "drug dealing." To investigate the tips, police set up a surveillance camera across the street from appellant's residence, a trailer where appellant lived with his elderly mother. The surveillance footage showed "different vehicles throughout the day coming for a short period of time and leaving"; Davila said this indicated to him that drugs were being sold there.

Davila engaged Pamela Jo Smith, who knew appellant, as a confidential informant

---

[1] This appeal was transferred from the Tenth Court of Appeals in Waco pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001.

to make controlled drug purchases from appellant. A video recording of one such purchase on June 22, 2016, was entered into evidence as State's Exhibit 31.[2] According to Davila's testimony, the video shows that Smith asked to buy a quarter ounce of methamphetamine from appellant, and appellant then drove Smith and two others in his car to Trinity to pick up the drugs. On the way to Trinity, appellant dropped Smith off at a restaurant and came back after a "short period" of time. The group then returned to appellant's trailer, at which point appellant produced "from his clothing" several bags of methamphetamine and asked Smith to choose one.

Davila testified that Smith made another controlled purchase of a quarter ounce of methamphetamine from appellant on June 29, 2016. He stated that a quarter ounce is about seven grams, and each gram contains around four to eight doses, so "once you get into the multi-gram level, you're probably talking about a dealer." Davila testified, over defense counsel's objection, that during the June 29 controlled purchase, appellant "brought up that he had a 12[-]gauge shotgun in the house and if anybody tried to rob him, basically how bad he was going to kill them."

Based on the two controlled purchases, police obtained a warrant to search the trailer. In executing the search warrant on July 1, 2016, police discovered a black shotgun next to appellant's bed in his bedroom. Additionally, police found three pill bottles underneath the hood of a riding lawnmower located behind the trailer. One pill bottle contained marijuana, one contained a small amount of cocaine, and one contained thirty-four small baggies of methamphetamine, weighing over four grams in total.

---

[2] The video recording is not included in the record before this Court. Nevertheless, because the parties agree as to the content of the video, we need not request supplementation of the record. *See* TEX. R. APP. P. 34.6(d); *see also* TEX. R. APP. P. 34.6(e)(1) ("The parties may agree to correct an inaccuracy in the reporter's record, including an exhibit, without the court reporter's recertification.").

Appellant was convicted of the charged offenses and this appeal followed.

## II. DISCUSSION

### A. Admission of Evidence

By his first issue, appellant argues the trial court erred in admitting State's Exhibit 31, the video recording of the controlled drug purchase from appellant on June 22, 2016. We review a trial court's decision on the admissibility of evidence for an abuse of discretion. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). Under this standard, we will uphold the decision of the trial court unless the ruling falls outside the zone of reasonable disagreement. *Id.*

At trial, defense counsel objected to the exhibit on grounds that it was irrelevant and unfairly prejudicial. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." TEX. R. EVID. 401. Irrelevant evidence is inadmissible. *Id.* Further, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403.[3] In a Rule 403 analysis, the court must balance

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate

---

[3] In his brief, appellant also cites Texas Rule of Evidence 404(b), which provides that evidence of a defendant's prior crimes or bad acts is not admissible to show character conformity but may be admissible for another purpose, such as to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." However, appellant does not point to any location in the record wherein trial counsel objected on Rule 404(b) grounds, and we find none. Accordingly, we may not reverse the trial court's ruling on that basis. *See* TEX. R. APP. P. 33.1(a)(1).

amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006); *see Lopez v. State*, 288 S.W.3d 148, 156 (Tex. App.—Corpus Christi–Edinburg 2009, pet. ref'd). "Under Rule 403, it is presumed that the probative value of relevant evidence exceeds any danger of unfair prejudice." *Hammer v. State*, 296 S.W.3d 555, 568–69 (Tex. Crim. App. 2009). "The rule envisions exclusion of evidence only when there is a clear disparity between the degree of prejudice of the offered evidence and its probative value." *Id.* A trial court's decision on a Rule 403 objection is given "an especially high level of deference." *Robisheaux v. State*, 483 S.W.3d 205, 218 (Tex. App.—Austin 2016, pet. ref'd).

On the charged drug offense, the State had the burden to show that appellant possessed and intended to deliver the methamphetamine which police found on July 1, 2016. *See* Tex. Health & Safety Code Ann. § 481.112(d). To do that, the State offered Exhibit 31, which showed appellant selling methamphetamine from his residence several days before the subject methamphetamine was recovered from the curtilage of appellant's property. This evidence was relevant because it tended to make consequential facts—i.e., that appellant possessed the drugs and intended to sell them—more probable than they would have been without the evidence. *See* Tex. R. Evid. 401.

And, considering the *Gigliobianco* factors, we cannot conclude that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice, confusion, or delay. *See* Tex. R. Evid. 403. First, the video was inherently strongly probative as explained above. Second, the State needed this evidence to prove its case because it did not offer the testimony of Smith, the confidential informant, and there was no other evidence in the trial record establishing that appellant had sold

5

methamphetamine from his residence shortly before the subject methamphetamine was found by police. We acknowledge that there may have been a slight risk that the jury would convict appellant based on his sale of the methamphetamine on the video recording, rather than on the charged offense—i.e., his possession with intent to deliver on July 1, 2016. However, the trial court properly instructed the jury that, to consider evidence of extraneous bad acts, it must find beyond a reasonable doubt that appellant committed those acts, and it may consider such evidence only for purposes of motive, opportunity, and intent with respect to the charged offense. *See* TEX. R. EVID. 404(b); *Ex parte Varelas*, 45 S.W.3d 627, 631 (Tex. Crim. App. 2001) ("[A] jury should be instructed that they are not to consider extraneous act evidence unless they believe beyond a reasonable doubt that the defendant committed that act."). Appellant points to nothing in the record indicating that the jury failed to follow the court's precise instructions. *See Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009) ("[W]e generally presume that a jury will follow the judge's instructions.").[4]

Appellant's first issue is overruled.

## B. Jury Instructions

By his second issue, appellant argues that the trial court erred in declining to instruct the jury on self-defense, necessity, or defense of others. *See* TEX. PENAL CODE ANN. §§ 9.22 (necessity), 9.31(a) (self-defense), 9.33 (defense of third person).

Appellant does not cite the correct standard of review for jury charge error in his

---

[4] In arguing that he suffered harm from the admission of State's Exhibit 31, appellant contends that, without the exhibit, "the jury would not be able to tie Appellant to the gun" later found in his residence. But Davila testified that appellant "brought up that he had a 12[-]gauge shotgun in the house" during the June 29, 2016 controlled purchase, which was not part of Exhibit 31. Appellant objected to Davila's testimony only on the basis of hearsay, but that objection was overruled, and appellant does not raise an issue challenging that ruling on appeal.

6

brief,[5] nor does he explain whether any defensive instructions were requested in the charge conference at trial. In arguing that he was entitled to an instruction, appellant contends there was evidence that he "was a victim of a crime, namely, robbery, when his home was fired upon," and "the purpose of the firearm was to protect himself and his elderly mother." In support of these arguments, appellant provides record references to defense counsel's closing argument at the guilt-innocence phase of trial, but not to any actual evidence. We conclude the issue has been inadequately briefed. *See* TEX. R. APP. P. 38.1(i). In any event, even if there was evidence that appellant was a robbery victim and sought to protect his mother, there is no suggestion that there was any *immediate* threat to appellant such as would entitle him to any of the aforementioned defensive jury instructions. *See Henley v. State*, 493 S.W.3d 77, 89 (Tex. Crim. App. 2016) ("Both self-defense and defense of a third person require that there be a reasonable belief in the immediate need to act."). Appellant's second issue is overruled.

### III. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of October, 2020.

---

[5] Instead, appellant cites two irrelevant cases, *Williams v. State*, 804 S.W. 2d 85, 95 (Tex. Crim App. 1991) and *Goldberg v. State*, 95 S.W. 3d 345, 385 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd), both concerning the "clearly erroneous" standard applicable in *Batson* challenges. *See Batson v. Kentucky*, 476 U.S. 79 (1986) (holding that the use of racially discriminatory peremptory challenges violates the Equal Protection Clause).